THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THOMAS F. DAUGHERTY,<br><br>                    Plaintiff,<br>v.<br><br>COTTONWOOD HEIGHTS, a City;<br>and JOHN DOES 1-10,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00556-DBP<br><br><br><br>Magistrate Judge Dustin B. Pead |

On May 11, 2026, the court heard argument on Defendant's Motion for Summary Judgment.[1] Following argument the court ruled as follows:

Plaintiff admitted that he is not seeking Title VII remedies and the Title VII references in the Amended Complaint were scrivener's error. Thus, Plaintiff's claims relating to Title VII are dismissed pursuant to Plaintiff's representations.

Plaintiff's Fourth Claim for Relief is for denial of a promotion in violation of the Americans with Disability Act (ADA).[2] Plaintiff asserts he was disabled and "intends to proceed under a 'regarded as having … an impairment' theory, as allowed pursuant to 42 U.S.C.A. § 12102(1)(C)."[3] A person is "regarded as" disabled when (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially

---

[1] ECF No. 41.

[2] Amended Complaint at 12, ECF No. 38.

[3] Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 39, ECF No. 46.

limits one or more major life activities."[4] "Under either theory, it must be shown that the employer has 'misperceptions about the individual—it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting.'"[5] In either case, the focus of the court is on an employer's subjective state of mind.[6] The question for the court is: "[D] id the employer mistakenly believe that the plaintiff was substantially limited in performing a major life activity?"[7] Working is a "major life activity."[8]

Defendant argues Plaintiff does not meet the "regarded as" definition. As noted by another court in this circuit considering this issue, to survive summary judgment, a plaintiff must present some evidence that the defendant believed the plaintiff was "'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities.'"[9] The Tenth Circuit explained this burden on the plaintiff as follows:

> It is particularly difficult for a plaintiff to prevail on this type of claim, which takes a plaintiff to the farthest reaches of the ADA. It is not, however, an insurmountable showing.[10]

---

[4] *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1219 (10th Cir.2010); *see also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (There are two apparent ways in which individuals fall with the "regarded as" category. "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.").

[5] *Coleman v. Blue Cross Blue Shield of Kan.*, 487 F. Supp. 2d 1225, 1251 (D. Kan. 2007), aff'd sub nom. *Coleman v. Blue Cross Blue Shield of Kansas, Inc.*, 287 F. App'x 631, 20 A.D. Cases 1466, 2008 WL 2662595 (10th Cir. 2008) (quoting *Sutton*, 537 U.S. at 489).

[6] *Justice v. Crown Cork and Seal Co., Inc.*, 527 F.3d 1080, 1086 (10th Cir.2008); *see also Williams v. Goodyear Tire & Rubber Co.*, 44 NDLR P 108, 2011 WL 6091741, at *7 (D. Kan. Dec. 7, 2011) (applying "regarded as" disabled category).

[7] *Id.*

[8] 29 C.F.R. § 1630.2(i); *EEOC v. Heartway Corp.*, 466 F.3d 1156, 1162 (10th Cir. 2006).

[9] *Williams v. Goodyear Tire &Rubber Co*, 44 NDLR P 108, 2011 WL 6091741, at *8 (quoting *E.E.O.C. v. Heartway Corp.*, 466 F.3d 1156, 1162 (10th Cir. 2006)).

[10] *Justice v. Crown Cork and Seal Co. Inc.*, 527 F.3d 1080, 1087 (10th Cir. 2008).

In this case, the court finds Plaintiff fails to meet this burden. Plaintiff points to Defendant's alleged dishonesty about his disability. Plaintiff also states "the fact that Russo required Daugherty to go on forced administrative leave and submit to a medical evaluation of fitness for duty reflects Russo's concern that Daugherty may not be able to perform a broad class of jobs, including patrol officer duties and supervisory duties."[11] This argument is undermined by the fact that Plaintiff passed his examination, was cleared for duty, and returned to his position as Sergeant for nearly 18 months until his termination.

In sum, the court concludes Plaintiff has failed to bring sufficient evidence to meet the standard for regarded as disability. Thus, summary judgment is granted for Defendant as to claim four.

Finally, Plaintiff's three other claims remain pending as of the date of this order. At the conclusion of the hearing, the court ordered the parties to submit their respective proposed findings of fact and conclusions of law for the remaining claims by June 30, 2026. After considering those submissions the court will render a decision on the remaining claims.

CONCLUSION AND ORDER

Plaintiff's Title VII claims are dismissed.

IT IS FURTHER ORDERED that Defendant is granted summary judgment as to Plaintiff's Fourth Claim for Relief for denial of a promotion in violation of the ADA.

Plaintiff's remaining three claims remain pending further decision by the court.

IT IS SO ORDERED.

---

[11] Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 40-41.

DATED this 19 May 2026.

_____

Dustin B. Pead
United States Magistrate Judge

4