THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| THOMAS F. DAUGHERTY,<br><br>Plaintiff,<br>v.<br><br>COTTONWOOD HEIGHTS et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00556-DBP<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Thomas F. Daugherty's Motion to Amend ECF Nos. 54 and 57 to certify questions for interlocutory appeal under 28 U.S.C. § 1292(b).[1] Defendant opposes the Motion.[2] Having reviewed the parties' memoranda and relevant law, the court DENIES the Motion for the reasoning set forth below.

**BACKGROUND**

Plaintiff presents two questions for immediate appellate review.

1. Whether, under 42 U.S.C. § 12102(3)(A), a decisionmaker's contemporaneous express reliance on an employee's known military disability rating is sufficient to create a triable issue that the employer regarded the employee as having an impairment, without proof that the decisionmaker knew the precise diagnosis or perceived the employee as substantially limited in a major life activity.[3]

2. Whether, under 29 U.S.C. § 623(d), an employee's affirmative report on an employer's annual questionnaire that he has personally experienced "unlawful harassment," where the report refers to age-discrimination allegations already asserted in a pending ADEA lawsuit, constitutes protected opposition notwithstanding that it repeats an existing complaint, and therefore is the relevant "last instance of protected activity" for temporal-proximity analysis.[4]

[1] ECF No. 61.

[2] ECF No. 70.

[3] Motion at 1.

[4] *Id.* at 2.

Plaintiff posits the first question controls whether his ADA promotion claim was dismissed under a superseded pre-ADAA standard. And the second question, "controls more than the date used at the *prima facie* causation stage."[5] Resolution of either question, according to Plaintiff, could materially expand the claims to be tried and may avoid a limited first trial followed by another trial after final-judgment review.

## LEGAL STANDARD

Federal courts of appeals generally have jurisdiction to hear appeals only from a district court's final decision.[6] Section 1292(b) however provides a narrow exception allowing for an interlocutory appeal if the district court certifies that an order (1) "involves a controlling question of law," (2) there exists a "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[7] "Section 1292(b) is meant to be used sparingly and interlocutory appeals under this section are rare."[8] The moving party bears the heavy burden of demonstrating that all three statutory requirements are met.[9]

## DISCUSSION

Plaintiff seeks to certify two questions to the Tenth Circuit Court of Appeals: (1) whether the court applied the correct legal standard under the ADA Amendments Act when it dismissed

---

[5] *Id.*

[6] 28 U.S.C. § 1291.

[7] 28 U.S.C. § 1292(b).

[8] *United States v. $85,688.00*, No. 2:09-cv-00029-DS, 2010 WL 4791440, at *1 (D. Utah Nov. 18, 2010) (citing *Comacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004)); *see also* *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1071 (D. Utah 2022) (stating "interlocutory appeals should rarely be certified"); *Utah ex rel. Utah Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (explaining the district court acts "as a procedural screen to avoid a flood of fruitless petitions invoked contrary to the purpose of § 1292(b)").

[9] *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

his ADA promotion claim; and (2) whether his affirmative report of harassment on an annual questionnaire constitutes protected opposition under the ADEA, thereby reviving his dismissed retaliation claim.

The court need not address whether Plaintiff has identified controlling questions of law or substantial grounds for a difference of opinion because Plaintiff's request clearly fails the third, mandatory prong of § 1292(b). Under the third prong, an immediate appeal must "materially advance the ultimate termination of the litigation." This requirement embodies the long-standing policy of the courts to avoid unnecessary litigation and discourage piecemeal appeals.[10] Here, the court has already denied summary judgment on Plaintiff's ADEA promotion claim.[11] That claim survived summary judgment and will proceed to trial regardless of how the Tenth Circuit might rule on the ADA or ADEA retaliation claims.

Because a trial in this matter is inevitable, an interlocutory appeal will not terminate the litigation or spare the parties from a trial. As Defendants correctly point out, certification would simply pause the current proceedings while the parties spend months litigating before the Tenth Circuit. Plaintiff argues that an immediate appeal could prevent a hypothetical second trial if the Tenth Circuit were to later reverse this court's summary judgment order. However, the statutory standard asks whether an appeal will advance the termination of the current litigation, not whether it will optimize trial management by consolidating a potential future trial.

Furthermore, regarding Question Two, the court's order dismissed the retaliation claim not only based on temporal proximity, but also on an independent finding that the City's reasons for termination were legitimate and not pretextual. An appellate ruling altering the protected

---

[10] *Utah ex rel. Utah Dep't of Health,* 14 F.3d at 1495

[11] Memorandum Decision and Order at 19, ECF No. 57.

activity timeline would not disturb the court's separate pretext holding, rendering an interlocutory appeal on that question inefficient.

If Plaintiff wishes to appeal the court's summary judgment rulings on his ADA promotion claim and ADEA retaliation claim, the proper procedural vehicle is a direct appeal following a final judgment on the merits of the surviving claims. Plaintiff's motion is denied and the court will schedule a pretrial conference to discuss the scheduling of trial with the parties.

**ORDER**

For the foregoing reasons, Plaintiff has failed to satisfy the requirements of 28 U.S.C. § 1292(b). Accordingly, Plaintiff's Motion to Amend ECF Nos. 54 & 57 to Certify Questions for Interlocutory Appeal is DENIED.

DATED this 9 November 2026.

Dustin B. Pead
United States Magistrate Judge